IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TUE HUYNH,

    Plaintiff,

vs.

LIEUTENANT J. IPPOLITE,

    Defendant.

No. C 11-06409 YGR (PR)

**ORDER GRANTING PLAINTIFF'S REQUEST FOR EXTENSION OF TIME TO FILE OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND DENYING PLAINTIFF'S NON-PARTY DISCOVERY REQUEST**

I.    **Motion for an Extension of Time to File Opposition to Dispositive Motion**

Plaintiff has filed a request for an extension of time in which to file his opposition to Defendant's Motion for Summary Judgment.[1] Having read and considered Plaintiff's request, and good cause appearing,

IT IS HEREBY ORDERED that Plaintiff's request for an extension of time (Docket Nos. 27, 28) is GRANTED. The time in which Plaintiff may file his opposition to Defendant's Motion for Summary Judgment will be extended up to and including **sixty-three (63) days** from the date of this Order.

Defendant shall file a reply brief no later than **twenty-eight (28) days** after the date Plaintiff's opposition is filed.

II.    **Non-Party Discovery Request**

On August 3, 2012, Plaintiff filed a non-party discovery request, which will be construed as a motion for leave to conduct non-party discovery. According to Plaintiff, he "requires discovery of

---

[1] The Court notes that Defendant has complied with the recent decision from the Ninth Circuit that requires that *pro se* prisoner-plaintiffs be given "notice of what is required of them in order to oppose" summary judgment motions at the time of filing of the motions, rather than when the district court orders service of process or otherwise before the motions are filed. *See Woods v. Carey*, 684 F.3d 934, 935, 940-41 (9th Cir. 2012). On July 16, 2012, the date he filed his motion for summary judgment, Defendant submitted a filing containing the notice of the requirements previously set forth by the Ninth Circuit in *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998), and explained to Plaintiff what he must do in order to oppose a motion for summary judgment. (Docket No. 25.)

certain documents before filing any opposition to Defendant's motion for summary judgment." (Aug. 3, 2012 Mot. at 2.) Specifically, Plaintiff requests for the production of "the Rule Violation Report of inmate Pham #P-62339 who was Plaintiff's cellmate at the time of the incident on December 27, 2010," upon a non-party, Salinas Valley State Prison. (*Id.*)

Plaintiff is reminded that federal courts do not conduct discovery for the parties. Moreover, this Court cannot compel non-parties to provide Plaintiff with information unless he follows the correct procedure according to the Federal Rules of Civil Procedure. Plaintiff may compel a person who is not a party to this action to produce documents for inspection and copying pursuant to a subpoena duces tecum. *See* Fed. R. Civ. P. 34(c), 45(a). In order to do so, Plaintiff must fill out subpoena forms and must ensure that each person is served with the subpoena by a non-party. Plaintiff must tender to each person "the fees for one day's attendance and the mileage allowed by law." Fed R. Civ. P. 45(b)(1). The current requisite fee for each person is forty dollars per day, *see* 28 U.S.C. § 1821(b), and cannot be waived for a plaintiff proceeding *in forma pauperis*. *See Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993). There is nothing in the record showing that Plaintiff has followed the aforementioned procedure prior to requesting the Court to order a non-party to produce the document mentioned above. Therefore, Plaintiff's motion for leave to conduct non-party discovery (Docket No. 27) is DENIED at this time.

This Order terminates Docket nos. 27 and 28.

**No further extensions of time will be granted in this case absent extraordinary circumstances.**

IT IS SO ORDERED.

DATED: September 14, 2012

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

G:\PRO-SE\YGR\CR.11\Huynh6409.grantEOToppn&denyDISCreq.frm    2